IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SHELLIE C. HUNTER,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,
OLD MUTUAL CAPITAL, INC.,
OLD MUTUAL (US) HOLDINGS, INC., and
OLD MUTUAL CAPITAL, INC. PLAN

    Defendants.
_____

COMPLAINT AND JURY DEMAND
_____

COMES NOW the Plaintiff, Shellie C. Hunter, by and through her undersigned counsel, Robert L. Allman, Esq. of Allman & Mitzner, LLC, and respectfully submits this Complaint against the Defendants, UNUM Life Insurance Company of America, Old Mutual Capital, Inc., Old Mutual (US) Holdings, Inc., and Old Mutual Capital Inc. Plan, and in support thereof states as follows:

## I. IDENTIFICATION OF THE PARTIES

1.    Plaintiff, Shellie C. Hunter, is a natural person and is a citizen of the State of Colorado, and presently resides at 12640 E. Bates Circle, Aurora, Colorado 80014.

2.    Defendant, UNUM Life Insurance Company of America ("UNUM"), is a foreign corporation and/or similar business entity which regularly conducts business in the State of Colorado.

3. UNUM's principal headquarters are located in Portland, Maine, and it is a Maine corporation.

4. Defendants, Old Mutual Capital, Inc., and Old Mutual (US) Holdings, Inc., are Delaware corporations regularly conducting business in Colorado. They are hereafter collectively referred to as "Old Mutual."

5. Defendant, Old Mutual Capital, Inc. Plan (the "Plan") is the employee long term disability ("LTD") plan created for Old Mutual employees such as Plaintiff.

## II. JURISDICTION AND VENUE

6. This action is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including the rights under ERISA, and/or the Federal common law. Jurisdiction is also appropriate under 28 U.S.C. §1332, as this controversy involves citizens of different states, and the amount in controversy (including benefits, estimated interest, attorney fees and/or, if applicable, consequential damages) exceed all jurisdictional requirements of this Court.

7. Pursuant to 28 U.S.C. §1391, venue is proper in this Court wherein Plaintiff resides and where UNUM and Old Mutual regularly conduct business, where the Plan is located, and wherein the wrongful conduct alleged herein occurred.

## III. STATEMENT OF THE FACTS

8. Defendant UNUM conducts business throughout Colorado, including the City and County of Denver, Colorado.

9. Plaintiff's claim with UNUM was handled through Defendant's office The Benefits Center Compliance Department, whose mailing address is P.O. Box 9548, Portland, Maine 04122-5058.

10. At all pertinent times, Defendant UNUM was a fiduciary, claim fiduciary and/or claim administrator of an employee long-term disability plan sponsored by Old Mutual, and known as the Old Mutual Capital, Inc. Long Term Disability Plan ("Plan").

11. The Defendants are all subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 et seq. ("ERISA"), and/or under other applicable Federal and/or Colorado law.

12. Defendant UNUM insured the LTD Plan for Long-Term Disability ("LTD") benefits and, upon information and belief, was delegated administrative and fiduciary responsibility under the Plan, subject to the approval of Old Mutual.

13. Defendant UNUM is in the business of selling, adjusting and handling insurance, including LTD insurance, in the State of Colorado. At all pertinent times, this Defendant issued, and was responsible for, the investigation and payment of claims under the policy of insurance that provided long-term disability benefits to the Plan.

14. At all pertinent times, Plaintiff was an employee of Defendant, Old Mutual Capital, Inc. and/or Old Mutual (US) Holdings, Inc. ("Old Mutual").

15. The Old Mutual entities are Delaware corporations doing business in Colorado and are proper Defendants under ERISA and jointly liable, along with the Plan, with Defendant UNUM, for their improper denial of LTD benefits to Plaintiff.

16.     At all pertinent times, Plaintiff was a participant in the Plan and the Plan is a proper Defendant under ERISA and jointly liable with Old Mutual and UNUM for their improper denial of LTD benefits to Plaintiff.

17.     At all pertinent times, Plaintiff was a participant in and/or beneficiary of the Plan, and has coverage for LTD benefits under the policy issued to Old Mutual, and administrated and/or insured by UNUM, and with all decision making vested in UNUM, subject to delegation of authority from Old Mutual and the Plan.

18.     At all pertinent times, Plaintiff was employed by Old Mutual as a Director of Compliance in the Denver Colorado office.  This position required _inter alia_ heightened mental acuity (due to the management and/or financial tasks involved) and was also physically demanding, and involved prolonged periods of standing/walking, lifting, and similar physical tasks, particularly during travel, and required significant travel which increased fatigue and pain to Plaintiff.

19.     Plaintiff suffered from primary breast cancer in November 2006, with chemotherapy and radiation therapy in 2007, had parotid cancer (salivary glands) a second primary cancer, in April 2008, suffered from scoliosis, and continued to suffer from chronic pain, fatigue, back pain, leg weakness, difficulty in walking, and difficulty with memory, with resulting physical and psychological restrictions, and was on temporary disability at various times from 2007 from 2009.

20.     Plaintiff's job duties were limited starting in 2007 to accommodate her treatment and from that point forward had difficulties working and was not able to

perform her job duties, although her pay from her employer was continued during periods when she was not on disability benefits.

21. Plaintiff was forced to limit her working to 24 hours per week on or about July 23, 2009 and to cease work entirely on or about October 16, 2009 when Plaintiff has reconstructive surgery, and has been unable to work since that time.

22. Plaintiff also applied to UNUM for LTD benefits pursuant to the Plan. Benefits were extended to the Plaintiff from October 16, 2009 until January 19, 2010, when additional benefits were denied.

23. The Plan provides, in pertinent part, that an employee is "disabled" if that employee is unable to engage in the material duties or his or her regular occupation due to sickness or injury for the first 24 months, and thereafter, if unable to engage in any occupation for which he or she is reasonably qualified.

24. At all pertinent times, Plaintiff

    a. suffered from a sickness;

    b. was, and continued to be, limited from performing the material and substantial duties of her regular occupation due to sickness or injury;

    c. was, and is, suffering from a 20% or more loss in her indexed monthly earnings due to the same sickness or injury; and

    d. is disabled under the terms of the Defendant UNUM's policy and is entitled to long term disability benefits from the date of this

termination on or about January 20, 2010, and continuing from that date to the present time and throughout the term of the policy.

25. Plaintiff has restrictions on lifting, walking, standing and sitting (and other basic work tasks), and as a result of her pain and disability has an impairment of her cognitive functioning.

26. Defendant UNUM terminated Plaintiff's long term disability (LTD) benefits effective January 14, 2010.

27. Thereafter, Plaintiff requested a review of her LTD benefits claim. On November 19, 2010, Defendant again denied Plaintiff's claim, but allowed benefits until January 19, 2010.

28. Plaintiff included additional information, including medical records, during the review process demonstrating the nature and extent of her disability, and all of her treating doctors indicated that she had remained totally disabled for work since October 16, 2009.

29. Defendant's determination is against the weight of the medical evidence, including, but not limited to, the opinions of Plaintiff's physicians, and/or medical restrictions on Plaintiff's activities.

30. Defendant's determination was erroneous, and/or arbitrary and capricious, in that Defendant failed to consider all pertinent medical and/or other evidence, indicating that Plaintiff's medical condition prevents her from engaging in her occupation. This includes, without limitation, her inability to work forty (40) hours per

week due to pain and fatigue, and the effects of her pain, and/or other limitations on her ability to walk, stand, stit, life, push, and pull.

31.     Defendant has refused to pay additional benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

32.     Plaintiff timely applied for benefits, and timely appealed Defendant's denial.  Defendant upheld its prior determination.  Plaintiff has therefore exhausted all Administrative appeals provided by the Plan.

## IV.  FIRST CLAIM FOR RELIEF
### (Violation of ERISA and Wrongful Denial of Benefits)

33.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above

34.     At all pertinent times, Defendant UNUM was a claim fiduciary, fiduciary and/or administrator of the Plan within the meaning of ERISA, along with the named Plan administrator and fiduciary, Old Mutual (US) Holdings, Inc. and/or Plaintiff's employer, Old Mutual Capital, Inc.

35.     Defendant UNUM was, upon information and belief, delegated the authority to administer claims for LTD benefits by the Plan.

36.     At all pertinent times, Plaintiff met the criteria for LTD benefits under the Plan including that she was unable to perform the functions of her own and/or any other occupation, and provided reasonable documentation (medical and otherwise) of that fact.

37. UNUM and co-Defendants have improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

38. Defendants' wrongful conduct includes, but is not limited to:

   a. failing to consider all pertinent medical information;

   b. failing to provide an adequate review and appeal;

   c. failing to act in Plaintiff's best interests; and/or

   d. failing to conduct a reasonable investigation.

39. As a matter of law, UNUM has an inherent conflict of interest in this matter as claims administrator, fiduciary and guarantor. Defendants, UNUM, Old Mutual, and the Plan, are jointly liable for the damages due Plaintiff.

40. Defendants' (UNUM's and Old Mutual's and the Plan's) wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

## V.  DAMAGES

41. Defendants' above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including, but not limited to: past and future economic damages, including, but not limited to, lost insurance benefits and loss of use of benefits, including, but not limited to, interest thereon; and caused Plaintiff to incur attorneys fees and costs.

WHEREFORE, Plaintiff requests judgment and damages against Defendants, jointly and severally, as follows:

   a. A declaratory judgment that Defendants UNUM, Old Mutual, and the Plan have violated Plaintiff's rights under ERISA;

    b.    Reinstatement of Plan benefits, including payment of all past due benefits, and the continuation of benefits as allowed;

    c.    Reasonable attorney fees and costs, including, but not limited to, expert witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1) and/or other applicable case law;

    d.    Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), and 29 U.S.C. §1132(g)(1); and

    e.    Such other and further relief as this Court deems appropriate.

Respectfully submitted this 21st day of October, 2011.

ALLMAN & MITZNER, LLC

*Original signature on file*

By:   /s/ Robert L. Allman
      Robert L. Allman, Esq.
1775 Sherman Street, 21st Floor
Denver, CO  80203
(303) 293-9393
rallman@allman-mitzner.com

Plaintiff's Address:

12640 E. Bates Circle
Aurora, CO 80014